J-S42013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JERMEY HEATH BARNEY :
:
Appellant : No. 154 MDA 2025

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005676-2012

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 18, 2026**

Appellant, Jermey Heath Barney, appeals *pro se* from the January 15, 2025 order entered in the Court of Common Pleas of Lancaster County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The record demonstrates that, on April 22, 2014, a jury convicted Appellant of rape of a child (Count 1), involuntary deviate sexual intercourse with a child less than 13 years of age (Count 2), indecent assault – complainant less than 13 years of age (two counts; Counts 3 and 4), criminal solicitation (Count 6), unlawful contact with a minor – sexual

offense (Count 7), and corruption of minors (Count 8).[1]   This Court

summarized the factual history that led to Appellant's convictions as follows:

> This matter arises from [Appellant's] sexual abuse of his paramour's son, A.M.  At the time the abuse occurred, A.M. was five years old.  Following a hearing on April 11, 2014, the [trial] court permitted [Appellant] to proceed *pro se*.[2]   On April 21, 2014, the [trial] court conducted a Tender Years Hearing.[FN9]  The [trial] court held that [two daycare providers, A.M.'s mother, and two forensic interviewers] would be permitted to testify[, at trial,] to statements A.M. made to them.
>
> A jury trial took place from April 22 to 28, 2014.  At the close of trial, the jury found [Appellant] guilty of the aforementioned offenses.
>
> [Footnote 9:] 42 Pa.C.S.[A.] § 5985.1.

***Commonwealth v. Barney***, 2015 WL 7433518, at *1 (Pa. Super. filed Mar.

27, 2015) (unpublished memorandum).  On August 1, 2014, the trial court

sentenced Appellant to an aggregate term of 20 to 40 years' incarceration.  In

fashioning its sentence, the trial court imposed a mandatory minimum

sentence on Appellant's conviction for Count 2 pursuant to 42 Pa.C.S.A.

§ 9718(a)(1).  ***See*** 42 Pa.C.S.A. § 9718(a)(1) (effective Jan. 1, 2007, to Aug.

17, 2014) (requiring a mandatory minimum sentence of not less than ten

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3126(a)(7) (two counts), 902(a), 6318(a)(1), and 6301(a)(1), respectively.  Appellant was found not guilty of one count of indecent assault – complainant less than 13 years of age (Count 5).  18 Pa.C.S.A. § 3126(a)(7).

[2] Initially, Appellant was represented by Daniel E. Kaye, Esquire ("Attorney Kaye").  After the trial court permitted Appellant to proceed *pro se*, the trial court appointed Attorney Kaye to serve as stand-by counsel for Appellant during the trial.  N.T., 4/11/14, at 10.

years' incarceration for a person convicted of violating Section 3123 of the Crimes Code when the victim is under 16 years of age).  This Court affirmed Appellant's judgment of sentence on March 27, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on September 23, 2015.[3] *Barney*, 2015 WL 37433518, at *1, *appeal denied*, 124 A.3d 308 (Pa. 2015).

On September 23, 2016, Appellant filed *pro se* a PCRA petition, his first.[4] In his *pro se* petition, Appellant raised "13 issues and sub-issues, including not only a challenge to the legality of his sentence based on *Commonwealth*

---

[3] On direct appeal, Appellant was represented by MaryJean Glick, Esquire ("Attorney Glick").

[4] Appellant filed *pro se* a PCRA petition on August 12, 2014, and subsequently filed a notice of appeal challenging his judgment of sentence on August 29, 2014.  Appellant's August 2014 petition was premature because Appellant had neither waived nor exhausted his direct appeal rights and his judgment of sentence had not yet become final.  *Commonwealth v. Smith*, 244 A.3d 13, 16-17 (Pa. Super. 2020); *see also* 42 Pa.C.S.A. § 9543(b)(1) and (3).  Appellant's judgment of sentence became final on December 23, 2015, upon expiration of the time in which to seek discretionary review with the Supreme Court of the United States.  *See* U.S. Sup. Ct. R. 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Appellant's petition filed on September 23, 2016, was timely because it was filed within one year of when his judgment of sentencing became final.  42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").  A copy of Appellant's 2016 PCRA petition, however, is not part of the certified record currently before us.

*v. Wolfe*, 140 A.3d 651 (Pa. 2016),[5] but also various claims of ineffective assistance of pre-trial counsel, prosecutorial misconduct, inadmissibility of expert testimony, six trial court errors, insufficiency of the evidence, and two claims that this Court had already addressed on direct appeal." *Commonwealth v. Barney*, 311 A.3d 597, 2023 WL 8764608, at *1 (Pa. Super. filed Dec. 19, 2023) (unpublished memorandum) (footnote omitted). The PCRA court appointed counsel to represent Appellant.

Under *Wolfe*, Appellant's prior judgment of sentence was illegal because it included the imposition of a mandatory minimum sentence pursuant to Section 9718. As such, the trial court resentenced Appellant on March 6, 2018.[6] In fashioning its new sentence, the trial court did not impose a mandatory minimum sentence on Court 2 but, instead, imposed a sentence of 10 to 20 years' incarceration on Count 2. Appellant's sentence on Count 2 fell within the standard range for sentencing, which was 120 months to the statutory limit of 20 years. Appellant was resentenced to an aggregate term of 20 to 40 years' incarceration.

On October 15, 2020, this Court affirmed, in part, and vacated, in part, Appellant's 2018 judgment of sentence. *Commonwealth v. Barney*, 241

---

[5] In *Wolfe*, our Supreme Court held that 42 Pa.C.S.A. § 9718 was "irremediably unconstitutional on its face, non-severable, and void." *Wolfe*, 140 A.3d at 663, *relying on Alleyne v. United States*, 570 U.S. 99 (2013).

[6] In its order scheduling Appellant's resentencing hearing, the PCRA court "did not acknowledge the outstanding [and unresolved aspects of Appellant's] 2016 PCRA petition." *Barney*, 311 A.3d 597, 2023 WL 8764608, at *1.

A.3d 428, 2020 WL 6083751, at *2 (Pa. Super. filed Oct. 15, 2020) (unpublished memorandum). Specifically, this Court vacated, in part, the portion of the 2018 judgment of sentence that required Appellant "to pay costs associated with his resentencing[.]" *Id.* Our Supreme Court denied Appellant's petition for allowance of appeal, and the United States Supreme Court denied Appellant's *writ* for *certiorari*. **Barney**, 76 MAL 2021 (Pa. filed Jul. 7, 2021) (unpublished order), *cert. denied*, 142 S.Ct. 1455 (2022).

On September 15, 2022, Appellant filed *pro se* a document captioned "The Status or Resolution of PCRA [Petition] Date on 9-23-2016" ("Application for Resolution"). In his Application for Resolution, Appellant indicated that the PCRA court never filed a notice of its intent to dismiss Appellant's September 2016 PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and, in fact, never entered an order dismissing those aspects of the petition that did not present challenges under **Wolfe**.

> On October 4, 2022, the [PCRA] court denied Appellant's Application for Resolution with a docket entry titled "Order denying amended/petition for post collateral relief." The [PCRA] court issued an untitled opinion that same day explaining its reasons for denying the requested relief. Without citation to any rule, statute, or case law, the [PCRA] court summarily stated that the 2016 PCRA petition was denied "by operation of law" when the [trial] court resentenced Appellant and, thus, the [PCRA] court "need not give notice of its intent to dismiss Appellant's 2016 PCRA petition because said petition was rendered moot when [Appellant's] original sentence was vacated on March 6, 2018.

**Barney**, 311 A.3d 597, 2023 WL 8764608, at *2 (footnote and original brackets omitted). Appellant filed *pro se* a notice of appeal challenging the

- 5 -

order that denied his Application for Resolution. On December 19, 2023, this Court vacated the October 4, 2022 order and remanded the case to the PCRA court with the instructions that the PCRA court "appoint PCRA counsel or hold a **Grazier** hearing;[7] review and address the [unresolved] claims raised in the 2016 PCRA petition that remain outstanding; and either issue a Rule 907 notice addressing those issues, with an explanation of why they merit no hearing and no relief, or schedule a hearing to address any issues that may merit further review." **Id.** at *4. In reaching its decision, this Court explained that

> [c]ontrary to the [PCRA] court's observation, vacating the illegal sentence pursuant to **Wolfe** and resentencing Appellant did not vacate Appellant's conviction or otherwise extinguish the remaining claims in his outstanding PCRA [p]etition. Further, we are unable to find any authority to support the PCRA court's summary conclusion that the new sentence extinguished the PCRA claims challenging the underlying convictions. Our research likewise reveals no authority to support the PCRA court's conclusion that a PCRA petition can be "denied by operation of law." Notably, the PCRA court provided no citation to precedential or statutory authority to support either of its conclusions.

**Id.** at *4 n.11 (record citation omitted). This Court further stated that

> [e]ven if we were to consider the resentencing hearing as a partial grant of PCRA relief, there was no Rule 907 notice issued and no order explicitly denying the remaining claims. We are unable to find through our research any authority permitting an appellate court to infer a [PCRA] court's intentions, particularly where the record does not indicate any acknowledgment by the trial court at resentencing of its awareness of the outstanding PCRA claims.

---

7 **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

*Id.* at *3 n.3 (extraneous capitalization omitted).

On remand, Appellant filed *pro se* a motion for appointment of counsel. On January 29, 2024, the PCRA court appointed Chris Lyden, Esquire ("Attorney Lyden") to represent Appellant. On May 10, 2024, Attorney Lyden filed a petition requesting an evidentiary hearing to address a request by Appellant to proceed *pro se*. After conducting a **Grazier** hearing, the PCRA court granted Appellant's request to proceed *pro se* on August 5, 2024.

On October 11, 2024, Appellant filed *pro se* an amended PCRA petition.[8] Included with his petition was an "instructions sheet" stating that "under order by [the PCRA court] on August 5, 2024[, Appellant's] 2016 PCRA is timely filed[.]" The "instructions sheet" further directed the PCRA court to timestamp and docket the enclosed filing as a "2016 Amended PCRA[.]" The PCRA court accepted Appellant's amended petition. On November 8, 2024, the Commonwealth filed an answer to Appellant's amended petition. On December 3, 2024, the PCRA court filed a notice pursuant to Rule 907 of its intent to dismiss Appellant's petition without an evidentiary hearing. On

---

[8] Appellant's amended petition was timestamped as having been received by the PCRA court on October 17, 2024. The envelope Appellant used to mail his filing bears a postal cancellation stamp dated October 11, 2024. Pursuant to the "prisoner mailbox rule," Appellant's petition is deemed filed on October 11, 2024. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox). We apply the prisoner mailbox rule hereafter to ascertain the filing date for Appellant's subsequent submissions.

December 19, 2024, Appellant filed *pro se* a response to the Rule 907 notice.

On January 15, 2025, the PCRA court dismissed Appellant's petition. This

appeal followed.[9]

Appellant raises *pro se* the following issues for our review:

I.    Did the PCRA court's decision to waive [Appellant's] claim [number] 1 issues violate the Pennsylvania Legislature's intent under 42 Pa.C.S.[A. § ]9543(a)(2)(i) of the PCRA?

II.   Did the PCRA court abuse its discretion,

A.) when the [PCRA] court failed to conduct an evidentiary hearing [to determine whether, or not, Attorney] Glick [was] ineffective as direct appeal counsel in violation of the 6th [and] 14th [Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution]

---

[9] On February 5, 2025, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) by March 19, 2025. On March 6, 2025, 14 days before the deadline by which Appellant was instructed to file his Rule 1925(b) concise statement, the PCRA filed its Rule 1925(a) opinion. In its Rule 1925(a) opinion, the PCRA court stated that Appellant failed to file a Rule 1925(b) concise statement and, as such, all issues are waived. PCRA Court Opinion, 3/6/25, at 2 (unpaginated).

On March 18, 2025, Appellant filed *pro se* a request with this Court to remand the case to permit Appellant to file a Rule 1925(b) concise statement *nunc pro tunc*. In his filing, Appellant asserted that he never received the February 5, 2025 order directing him to file a Rule 1925(b) concise statement. In an April 4, 2025 *per curiam* order, this Court granted Appellant's request and remanded the case to the PCRA court to permit Appellant to file a Rule 1925(b) concise statement *nunc pro tunc*. On April 15, 2025, Appellant filed *pro se* his Rule 1925(b) concise statement. On May 5, 2025, the Commonwealth filed a response to Appellant's Rule 1925(b) concise statement, and, on May 14, 2025, the PCRA court filed an amended Rule 1925(a) opinion addressing the issues raised by Appellant in his Rule 1925(b) concise statement.

1.) when [Attorney Glick] waived [Appellant's] constitutional rights to counsel on direct appeal and forced [Appellant] to proceed *pro se* against his will; [and]

2.) when [Attorney Glick] failed to follow the requirements of [**Anders v. California**, 386 U.S. 738 (1967)?]

B.) when the [PCRA] court failed to conduct an evidentiary hearing [to determine whether, or not, Attorney] Kaye [was] ineffective as pre-trial counsel in violation of the 6th [and] 14th [Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution] when [Attorney Kaye] failed to represent [Appellant] as his pre-trial advocate?

C.) when the [PCRA] court failed [to determine whether, or not, the trial court conducted] a penetrating, comprehensive and probing colloquy waiver of [Appellant's right to] counsel before the start of trial?

D.) when the [PCRA] court denied that [Appellant's] trial was fundamentally unfair in violation of the 14th [Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution],

1.) when [Appellant's] verdict was insufficient to convict[?];

2.) when the trial court used the law to declare to the jury - the accuser is the ["]victim["] in this case before a verdict was rendered[?];

3.) when the trial court failed to poll the jury upon [Appellant's] request[?];

4.) when the trial court misapplied the law on the date of the alleged offenses in violation of [Pennsylvania Rule of Criminal Procedure] 504(4) and **Commonwealth v. Devlin**, 333 A[.2]d 888 (Pa. 1975)[?];

5.) when the trial court [interfered] in [Appellant's] case,

(a) by giving undo oral criticism;

(b) by showing [favoritism] to the Commonwealth in front of the jury; [and]

(c) by denying [Appellant's] third-party culpability defense[?];

6.) when the Commonwealth suppressed [the following] exculpatory evidence that would have given a reasonable probability of a different outcome,

(a) date of the alleged offenses;

(b) the Wee Daycare [Attendance] Log and Authorization Form;

(c) Erin Manuel's complete journal;

(d) [Appellant's] two-year-old son's [children and youth service ("CYS")] video interview;

(e) Dr. Hoshauer's studies;

(f) the accuser's bowel problem medical records;

(g) Erin Manuel's CYS testimony in 2009; [and]

(h) the cumulative effect of the suppressed evidence[?];

7.) the Commonwealth using [the following] expert witnesses to bolster the accuser's credibility,

(a) Ms. Stanley's testimony;

(b) Ms. Holly's testimony; [and]

(c) Dr. Hoshauer's testimony[?]

8.) when the cumulative effect of the trial errors so undermined the truth determining process that no adjudication of guilt or innocence could have taken place?

Appellant's Brief at 4-6 (extraneous capitalization omitted).

Collectively, Appellant's issues challenge the PCRA court's order dismissing his petition without first conducting an evidentiary hearing. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

In his first issue (Issue I, *supra*), Appellant asserts that the PCRA court erred in dismissing his petition on the grounds that the issues raised in "claim 1" of his amended petition were waived.[10] Appellant's Brief at 23-28.

---

[10] Appellant summarized the issues presented as part of "claim 1" of his amended PCRA petition as follows:

  I. [Appellant's] trial was fundamentally unfair that it violated [Appellant's rights under the] United States Constitution[-]14th Amendment and the Pennsylvania Constitution[-]Article [I], Section 9, when

Appellant contends that the PCRA court's waiver finding ran afoul of the notion that he is eligible for collateral relief whenever any conviction or sentence results from a violation of the constitution of the United States or Pennsylvania and the violation, in turn, undermines the truth-determining process such that no reliable adjudication of guilt or innocence could have occurred.  *Id.* at 23

---

A. the trial court and the Commonwealth called the accuser a "victim" in front of the jury;

B. the Commonwealth suppressed exculpatory evidence[ or] facts that would have revealed [Appellant's] innocence or sowed doubt in the jury's mind;

C. the Commonwealth impermissibly [bolstered] the accuser's credibility through expert witness[] testimony;

D. the trial court abused its discretion when it interfered in [Appellant's] defense[] strategies and erroneously applied the law;

E. the Commonwealth failed to support the verdict with sufficient evidence of every fact and element of the crime "beyond a reasonable doubt;"

F. the jury saw [Appellant] in shackles while being escorted by two sheriff officers and then coming back fifteen minutes later with a verdict;

G. "beyond a reasonable doubt" [as defined by the trial court at trial] violated [Appellant's] "presumption of innocence;" and

H. the cumulative effect of errors in [Appellant's] case rendered his trial fundamentally unfair[.]

Amended PCRA Petition, 10/11/24, at 6 (extraneous capitalization omitted). The allegations of error presented as part of "claim 1" in Appellant's amended PCRA petition substantially mirror the issues raised by Appellant on appeal. *Compare id. with* Appellant's Brief at 4-6 (Issue II(D), *supra*).

(asserting that, the PCRA court's finding of waiver ran afoul of Sections 9543(a)(2)(i) and 9544(b)). Appellant argues that a "plain reading of [Section] 9543(a)(2)(i) [suggests that Appellant] can bring any [c]onstitutional issue in a PCRA [petition] as long as [that issue] 'undermines the truth-determining process.'" *Id.* at 24. Implicit within Appellant's argument is the assertion that any alleged constitutional violation which supposedly undermines the truth-determining process is not subject to waiver. On the strength of this assertion, Appellant maintains he is entitled to an evidentiary hearing when any constitutional issue has been raised within the context of a PCRA petition.

We disagree with Appellant's opening claim. Section 9543(a) of the PCRA states as follows:

### § 9543. Eligibility for relief

**(a) General rule.** - To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence **all** of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime;

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or

(iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon [deoxyribonucleic acid ("DNA")] evidence obtained under [S]ection 9543.1(d) (relating to post[-]conviction DNA testing).

- 13 -

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

<Subsec. (a)(4) is permanently suspended insofar as it references "unitary review" by Pennsylvania Supreme Court Order of Aug. 11, 1997, imd. effective.>

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a) (emphasis added). A plain reading of Section 9543(a), through the use of the word "all" in the opening clause, requires a petitioner to establish by a preponderance of the evidence that he or she has satisfied **all** of the requirements set forth in sub-sections (a)(1), (a)(2), (a)(3), and (a)(4). **Id.** Section 9543(a)(3) requires a petitioner to establish by a preponderance of the evidence that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). In pertinent part, Section 9544(b) defines the concept of "issues waived" as follows:

> For purposes of this sub[-]chapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding.

42 Pa.C.S.A. § 9544(b).

Here, the procedural posture of Appellant's case reveals that Appellant was convicted by a jury of the aforementioned crimes on April 12, 2014, and the trial court imposed its judgment of sentence, as set forth *supra*, on August 1, 2014. Thereafter, Appellant, while represented by Attorney Glick, appealed his judgment of sentence. On direct appeal, Attorney Glick, having made a thorough examination of the record, concluded that Appellant's appeal was wholly frivolous and filed an **Anders** brief. **Barney**, 2015 WL 7433518, at *1. Attorney Glick provided Appellant with a copy of the **Anders** brief and explained to Appellant that he had the right to proceed *pro se* or with newly-retained counsel and to raise any other issues that he believed might have merit. **Id.** Appellant did not file a response to **Anders** brief setting forth

- 15 -

any additional issues that he believed might have merit. *Id.* at *1 n8. This Court reviewed the issues raised in the *Anders* brief, as well as conducted an independent review of the proceedings, and determined that Appellant's appeal was, in fact, wholly frivolous. *Id.* at *1-*3.

In his PCRA petition, Appellant raises numerous issues which challenge his conviction. Because Appellant was able to raises all but one of these issues on direct appeal, as discussed more fully *infra*, by proceeding *pro se* or retaining new counsel and filing a response to the *Anders* brief but failed to do so, the issues Appellant raises within the context of Sections I and II(D) his amended PCRA petition ("claim 1") are waived pursuant to Section 9544(b).[11] Because Appellant could have raised his constitutional claims before trial, at trial, during unitary review, or on appeal – but failed to do so - we discern no error of law or abuse of discretion in the PCRA court's finding that the issues Appellant set forth in Sections I and II(D) of this petition are waived and, therefore, Appellant is not entitled to collateral relief. 42 Pa.C.S.A. § 9543(a)(3).

In his amended PCRA petition, Appellant requested the PCRA court conduct an evidentiary hearing, or, in the alternative grant collateral relief in the form of a new trial, based upon the Commonwealth's alleged violation of

---

[11] The single issue that Appellant purportedly was unable to raise during his direct appeal relates to an alleged violation by the Commonwealth under *Brady v. Maryland*, 373 U.S. 83 (1963), as discussed more fully *infra*.

***Brady***, ***supra***. In support of his claim for collateral relief, Appellant asserted the following:

> **(D) [Appellant's] Two[-]Year[-]Old Son's CYS Video Interview**
>
> The facts reveal - the Commonwealth had [Appellant's son's] CYS video interview and failed to turn it over to [Appellant] under ***Brady***.
>
> On March 25, 2013[,] the district attorney [] informed pretrial counsel [Attorney] Kaye that they had a video of [Appellant's] two[-]year[-]old son with CYS. Attachment D[.]
>
> [Appellant] was never made[] aware of this interview before or after trial – [Appellant] found out about this video two years after his direct appeal became final - when he received his complete criminal file from Attorney Kaye.
>
> This interview was critical to a decision [Appellant] had to make before trial began - whether or not to redact any mention of [his] son in the accuser's first interview with CYS. ***Banks v. Dretke***[,] 540 US 668, 696 (2004) (defense is entitled to presume that prosecutors have "discharged their official duties"); [***see also Bracy v. Gramley***, 520 [U.S.] 899, 909 (1997)[.]
>
> The accuser stated in his CYS interview that [Appellant] sexually abused his [own] son too – [Appellant's] son's interview could have revealed that the accuser was lying - this video could have allowed [Appellant] to make an informed decision when it came to strategy and defenses concerning the accuser's video interview - attacking the accuser's credibility, since this came down to a credibility contest.
>
> For the foregoing reasons - an [evidentiary] hearing must be held to further develop the record or remand this case for a new trial.

Amended PCRA Petition, 10/11/24, at 10 (extraneous capitalization omitted).

> In ***Brady***, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The [United States] Supreme

Court subsequently held that the duty to disclose such evidence is applicable even if there has been no request by the accused, and that the duty may encompass impeachment evidence as well as directly exculpatory evidence.

*Commonwealth v. Conforti*, 303 A.3d 715, 725 (Pa. 2023). To demonstrate a violation of the *Brady* strictures, a defendant must prove that "the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." *Id.* (citations and original quotation marks omitted). Here, Appellant asserts that, because he did not learn of the video recording of his son's interview with CYS until "two years after his direct appeal became final," he was unable to raise a *Brady* claim during his direct appeal and, thus, his *Brady* claim is not waived for purpose of collateral relief. Assuming that Appellant is able to establish that he did not learn of the existence of the interview evidence until "two years after his direct appeal became final," he failed to establish by a preponderance of the evidence, in his amended PCRA petition, that he was prejudiced by his lack of knowledge of the interview evidence at the time of trial.

"To show prejudice, [Appellant] must demonstrate a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability for these purposes is one which undermines confidence in the outcome of the trial." *Commonwealth v. Simpson*, 66 A.3d 253, 264 (Pa. 2013) (citations and original quotation marks omitted). "Attachment D," which Appellant included

as part of his amended PCRA petition, is an electronic mail ("email") exchange between the district attorney and Attorney Kaye, who at the time represented Appellant as trial counsel. In that email exchange, the district attorney informed Attorney Kaye that "a recording of a [Children's Alliance Center] interview with [Appellant's son]" existed. The district attorney stated, however, that "I don't think [Appellant's son] disclosed anything." Nonetheless, Attorney Kaye requested a copy of the interview video be provided to the defense. Amended PCRA Petition, 10/11/24, at Attachment D. Although Appellant now has a copy of the interview evidence after receiving "his complete criminal file from Attorney Kaye," Appellant failed to state specifically what disclosures his son may, or may not, have made during the interview with CYS that could have been used to potentially impeach the accuser. Instead, Appellant made only bald assertions in his amended PCRA petition that the "interview **could have** revealed that the [a]ccuser was lying[.]" *Id.* at 10 (emphasis added). Therefore, Appellant failed to assert allegations that would support a finding, by a preponderance of the evidence, that he was prejudiced by the alleged non-disclosure of the interview evidence. Because Appellant failed to plead and prove a viable *Brady* claim, we discern no error of law or abuse of discretion in the PCRA court's

determination that Appellant's **Brady** claim did not entitle him to collateral relief.[12]

Next, Appellant asserts in his amended PCRA petition that Attorney Kaye, his pre-trial counsel, and Attorney Glick, his direct appeal counsel, were ineffective in their representation of Appellant. **See** Amended PCRA Petition, 10/11/24, at 22-27; **see also** Issues II(A) and II(B), *supra*.

"It is well-established that counsel is presumed effective[.]" **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012), *citing* **Strickland v. Washington**, 466 U.S. 668, 687-691 (1984). To plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

> With regard to the reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued[. R]ather, we must examine whether

---

[12] Moreover, a review of the notes of testimony from Appellant's trial reveal that Appellant challenged the credibility of the accuser during cross-examination by demonstrating that the accuser had previously made statements which contradicted his testimony at trial that he was sexually abused by Appellant. N.T., 4/22/14, at 110-136.

counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [the petitioner] proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness.

*Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011) (citations and quotation marks omitted).

Regarding Appellant's pre-trial counsel, Appellant asserts that Attorney Kaye was ineffective when he "failed to know the particulars of his case[,] failed to investigate this case[, and] failed to prepare [Appellant] for [t]rial[.]" Amended PCRA Petition, 10/11/24, at 6, 22-25. In dismissing Appellant's petition, the PCRA court found that Appellant's claim of ineffective assistance by Attorney Kaye was without arguable merit because Appellant was precluded from bringing an ineffectiveness claim once he voluntarily waived his right to counsel and decided to proceed *pro se* at trial. Rule 907 Notice, 12/3/24, at 10 (unpaginated); *see also* PCRA Court Opinion, 5/14/25, at 6 (unpaginated). We agree.

Attorney Kaye was appointed to represent Appellant at trial. Prior to the start of trial, Appellant requested permission to proceed *pro se*. On April 11, 2014, the trial court conducted a *Grazier* hearing to address Appellant's request. At the hearing, the trial court asked Appellant the reason for his request to proceed *pro se*, to which Appellant responded, "I prefer to do it, and I don't have confidence that my representation [(referring to Attorney

- 21 -

Kaye)] is good enough to be able to find me – to acquit me from the charges." N.T., 4/11/14, at 3. The trial court proceeded to conduct a colloquy of Appellant to determine if, *inter alia*, he understood the consequences of self-representation and if he was voluntarily, knowingly, and intelligently waiving his right to counsel. *Id.* at 3-10. Satisfied that Appellant voluntarily, knowingly, and intelligently waived his right to counsel, the trial court granted Appellant's request to represent himself. *Id.* at 18.

It is well-established that a defendant has a constitutional right to counsel and, correspondingly, a right to represent himself or herself. ***Commonwealth v. Blakeney***, 108 A.3d 739, 749 (Pa. 2014), *relying on* ***Faretta v. California***, 422 U.S. 806 (1975) and ***Indiana v. Edwards***, 554 U.S. 164 (2008); ***see also*** U.S. CONST. amend. VI. "The self-representation choice, however, is not without consequences, including that a defendant who knowingly and intelligently waives his [or her] right to counsel and represents himself [or herself] at trial cannot later seek to revive defaulted trial claims by alleging his [or her] own ineffectiveness or the ineffectiveness of his [or her] standby counsel." ***Blakeney***, 108 A.3d at 749, *citing* ***Commonwealth v. Fletcher***, 896 A.2d 508, 522 (Pa. 2006) and ***Commonwealth v. Bryant***, 855 A.2d 726, 736 (Pa. 2004); ***see also Commonwealth v. Appel***, 689 A.2d 891, 904 (Pa. 1997), *abrogated on other grounds by* ***Commonwealth v. Fears***, 86 A.3d 795 (Pa. 2014).

Here, the trial court found, and the record supports, that Appellant voluntarily, knowingly, and intelligently waived his right to counsel prior to the

start of his trial. As such, Appellant bore the responsibility of self-representation and cannot now claim that his pre-trial counsel was ineffective in his pre-trial representation of Appellant. Moreover, Appellant failed to point to any pre-trial act or omission by Attorney Kaye that was such a departure from the standard expected of counsel under the 6th Amendment of the United States Constitution that it prejudiced Appellant at trial. Therefore, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's ineffectiveness claim as it relates to Attorney Kaye.

Regarding Attorney Glick, Appellant asserts, in his amended PCRA petition, that Attorney Glick was ineffective because she "forced [Appellant] to proceed *pro se*" on direct appeal and "failed to be [Appellant's a]dvocate in presenting his claims" on direct appeal. Amended PCRA Petition, 10/11/24, at 6, 26-27. Appellant contends that Attorney Glick's act of filing an ***Anders*** brief on direct appeal "forced" him to proceed *pro se* and that, in filing a no-merit brief, Attorney Glick failed to "bring forth facts that would have gained [Appellant] relief." ***Id.*** at 26-27. In denying Appellant's ineffectiveness claim as it related to Attorney Glick, the PCRA court stated that "[i]n [Appellant's] direct appeal, [this Court] found that [Attorney] Glick fully complied with the requirements of an ***Anders*** brief and then conducted a review of the proceedings on its own. [This Court] subsequently affirmed the conviction and sentence. Consequently, [Appellant] cannot establish that [Attorney] Glick was ineffective during his [direct] appeal process." Rule 907

Notice, 12/3/24, at 11 (unpaginated); *see also* PCRA Court Opinion, 5/14/25, at 4-5 (unpaginated).

It is well-established that the "***Anders*** brief process" is constitutionally sound and was, in fact, developed to guarantee that an indigent defendant receives equality and a fair process in his or her criminal matter.  The United States Supreme Court long-ago explained the need for the "***Anders*** brief process" and the requirements that must be met in order to satisfy a defendant's constitutional guarantees for direct appeal of his or her conviction as follows,

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*.  The no-merit letter and the procedure it triggers do not reach that dignity.  Counsel should, and can with honor and without conflict, be of more assistance to his [or her] client and to the [appellate] court.  His [or her] role as advocate requires that he [or she] support his [or her] client's appeal to the best of his [or her] ability.  Of course, if counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he [or she] should so advise the [appellate] court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished [to] the indigent [defendant] and time allowed [to the defendant] to raise any points that he [or she] chooses[.  T]he [appellate] court - not counsel - then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

***Anders***, 386 U.S. at 744 (footnote omitted); ***see also Commonwealth v. Santiago***, 978 A.2d 349, 354 (Pa. 2009) (stating that "in cases that involve frivolous appeals, counsel may request and receive permission to withdraw

without depriving the indigent defendant of his [or her] right to representation, provided certain safeguards[, *i.e.*, the submission of an **Anders** brief,] are met").

In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in [**Santiago**, **supra**]." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following prerequisites:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, [and] statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his [or her] client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of [this Court's] attention in

addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

On direct appeal, this Court, in considering Attorney Glick's **Anders** brief, found that

> [Attorney Glick's] petition [to withdraw] states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that she supplied [Appellant] with a copy of the **Anders** brief and a letter explaining his right to proceed *pro se*,[FN 8] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted [an **Anders**] brief [to this Court], setting out in neutral form three issues of arguable merit and, pursuant to the dictates of **Santiago**, explains why she believes the issues to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.
>
>> [Footnote 8: Appellant] has not submitted any additional or supplemental filings to this Court.

**Barney**, 2015 WL 7433518, at *1. This Court then proceeded to conduct its own review of the trial proceedings. **Id.** Ultimately, this Court determined that Appellant's appeal was wholly frivolous and affirmed Appellant's judgment of sentence. **Id.** at *2-*3.

Having previously found that Attorney Glick satisfied the requirements of **Anders**, **Santiago**, and their progeny, we concur with the PCRA court, and the record supports, that Appellant's claim that Attorney Glick was ineffective

in her representation of Appellant on direct appeal to be without arguable merit.[13] Therefore, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's ineffectiveness claim as it relates to Attorney Glick.

After careful review, for the reasons set forth herein, we discern no abuse of discretion or error of law in the PCRA court's order that dismissed Appellant's amended petition.[14]

_____

[13] Appellant complained vaguely that Attorney Glick "acted like the Commonwealth's agent" when she explained why she believed the appeal to be frivolous. Appellant's Brief at 36. However, our review of the record confirms that Attorney Glick simply complied with requirements of **Anders** when she prepared and submitted her filing on direct appeal. Hence, there are no grounds for concluding that her performance was deficient.

[14] To the extent that Appellant claims that the PCRA court erred in conducting an evidentiary hearing to determine whether, or not, the trial court performed a "penetrating, comprehensive, and probing" colloquy of Appellant before finding that he waived his right to trial counsel (Issue II(C.), *supra*), we find this issue waived for failure to raise the issue in his amended PCRA petition. **See** Amended PCRA Petition, 10/11/24, at 6; **see also** Pa.R.A.P. 302(a) (stating that, "[i]ssues not raised in the trial court[, or the PCRA court,] are waived and cannot be raised for the first time on appeal"). Moreover, as we discussed *supra*, the trial court found, and the record supports, that Appellant knowingly, voluntarily, and intelligently waived his right to trial counsel.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/18/2026